NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



## SUPREME COURT OF GEORGIA
Case No. S24G0359

February 18, 2025

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

### CITY OF MADISON v. MORGAN COUNTY HOSPITAL AUTHORITY.

After careful consideration of the record and the briefs of the parties, the Court has determined that the writ of certiorari issued in Case No. S24G0359 was improvidently granted. Accordingly, the writ is vacated, and the petition for certiorari in Case No. S24C0359 is denied.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Clerk

BETHEL, Justice, concurring.

We granted certiorari in this case to address whether a governmental entity's right to use property in a manner inconsistent with municipal zoning ordinances pursuant to the entity's sovereign immunity is transferable to a subsequent purchaser. After consideration of the full record and the parties' arguments, however, this case does not appear to provide a clear path to resolving that question, so I agree with the Court's decision to vacate the writ and deny the City of Madison's petition for certiorari. Nevertheless, I write separately to emphasize my belief that the question concerning the transferability of a governmental entity's sovereign exemption from zoning ordinances presents an issue of substantial gravity regarding property rights and governmental zoning authority. And when the proper case presents itself, I would be open to granting review again to address this important question.

I am authorized to state that Justice Warren and Justice Pinson join in this concurral.